Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3664 | **DATE** | 10/12/2004 |
| **CASE TITLE** | RICHARD MONTALVO vs. J. JUREK, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion And Order. Plaintiff's petition to proceed in forma pauperis, is granted. Plaintiff's motion for appointment of counsel is continued, pending further developments in this case.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | OCT 13 2004 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 6 |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| | LG courtroom deputy's initials | 2004 OCT 12 PM 4:05 U.S. DISTRICT COURT Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 13 2004
OCT 13 2004

| | |
|---|---|
| RICHARD MONTALVO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 04 C 3664 |
| J. JUREK, Star #7051, B. MEDENICA, Star #13522, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Richard Montalvo filed a *pro se* complaint against six Chicago police officers (defendants) claiming civil rights violations under 42 U.S.C. § 1983. Along with his complaint, plaintiff filed a petition to proceed *in forma pauperis* and a motion for appointment of counsel. For the following reasons we grant plaintiff's motion to proceed *in forma pauperis* and defer on his motion for appointment of counsel.

Pursuant to 28 U.S.C. § 1915(a) we may authorize plaintiff to proceed *in forma pauperis* if he demonstrates an inability to pay the required costs and fees. In his financial affidavit plaintiff states that he is a single father and has been unemployed since December 2003. He receives $400 in rent payments from his mother and $650 in "veterans compensation." With respect to the veterans compensation, plaintiff mentions that he is waiting "for the rest" of it and is appealing the withholding of the money. Plaintiff also states that he has $20 in his checking account. He owns a vehicle (a 1991 truck), but it is inoperable, and he states he does not have the money to fix it. His mother owns the house in which he lives, but he does not know the value of that building. In light of these representations, plaintiff has shown his financial need and an inability to pay court costs.

Our inquiry does not end with that finding of indigence. As part of the initial review

of a petition to proceed *in forma pauperis*, we analyze the claims and dismiss the complaint if we determine that the action is frivolous or malicious, it fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). In reviewing the petition we apply the standard used in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and take petitioner's allegations as true. Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). We dismiss a claim only if it appears beyond a doubt that there exist no facts to support the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Complaints by *pro se* parties are held to less stringent standards than pleadings drafted by attorneys. Alvarado v. Itscher, 267 F.3d 648, 651 (7th Cir. 2001).

We take the following facts from plaintiff's complaint. Plaintiff claims that on May 31, 2002, defendants surrounded him with guns drawn as he was walking to his car, which was parked in a gas station parking lot. After being detained, plaintiff alleges that the defendants searched his person and his car, and then arrested him. Plaintiff says that he never consented to any search and claims that defendants lacked probable cause for the detention and the subsequent search. He states that a police report indicates that he nearly hit a police vehicle with his car and then fled on foot through the gas station. Plaintiff contends the defendants fabricated the facts in the report. That police report was presented to a grand jury. Plaintiff then states that he prevailed on a motion to suppress (but he does not state what it was that he successfully suppressed).

Plaintiff has two claims against the defendants. First, he claims that the defendants violated his Fourth Amendment right to be free of unreasonable searches and seizures. Second, he brings a conspiracy claim under 42 U.S.C. § 1983 that alleges the defendants conspired to deprive him of his Fourth Amendment rights.

Reading plaintiff's complaint liberally, he asserts that the defendants searched him and his vehicle without probable cause, arrested him, and then fabricated a police report that depicted an entirely different scenario in which police had probable cause to arrest him. The central issue is whether there was probable cause. If probable cause exists, then it would bar plaintiff's suit. The existence of probable cause "precludes a § 1983 suit for false arrest [because] a person arrested with probable cause cannot cry false arrest." Juriss v. McGowan, 957 F.2d 345, 349 n.1 (7th Cir. 1992). *See also* Sheik-Abdi v. McClellan, 37 F.3d 1240, 1247 (7th Cir. 1994) (probable cause for an arrest precludes § 1983 liability for unlawful arrest). Thus, probable cause to arrest would require dismissal under § 1915(e)(2)(B)(ii). Further, probable cause would also immunize defendants, which would require dismissal under § 1915(e)(2)(B)(iii). A police officer is immune from suit if he could have reasonably believed that probable cause existed for an arrest, even if he was mistaken in his belief. Wollin v. Gondert, 192 F.3d 616, 622-23 (7th Cir. 1999). Immunity shields a police officer from damages if he had probable cause or could have reasonably, but mistakenly, believed that probable cause existed. Humphrey v. Staszak, 148 F.3d 719, 725 (7th Cir 1998). *See also* Sheik-Abdi v. McClellan, 37 F.3d 1240, 1247 (7th Cir. 1994) (probable cause for an arrest precludes § 1983 liability for unlawful arrest). However, at this juncture we cannot say that the police had probable cause.

Determining whether probable cause to arrest existed requires us to ask if "at the time of the arrest, the facts and circumstances within the officer's knowledge were sufficient for the officer to form a reasonable belief to suspect criminal activity." Smith v. Lamz, 321 F.3d 680, 684-85 (7th Cir. 2003). That is obviously a fact-sensitive inquiry, which is inappropriate at this stage. But probable cause may still be established.

A grand jury indictment usually indicates the existence of probable cause. Regarding

the grand jury, plaintiff writes: "The fictionalized police report was given to a Grand Jury for that jury to return an indictment against the Plaintiff." That sentence does not specifically mention that an indictment was actually issued, but it also fails to indicate that the grand jury returned a "no bill." Still, we assume that the grand jury indicted plaintiff because the case against him continued. Historically, the grand jury has had "the dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions." United States v. Gardner, 860 F.2d 1391, 1395 (7th Cir. 1988); Branzburg v. Hayes, 408 U.S. 665, 686-87 (1972). Also, under Illinois law the grand jury determines whether probable cause exists. *See* People v. DiVincenzo, 183 Ill.2d 239, 700 N.E.2d 981, 989 233 Ill. Dec. 273 (Ill. 1998) (noting that "the grand jury determines whether probable cause exists that an individual has committed a crime."); Phillips v. Graham, 86 Ill.2d 274, 472, N.E.2d 550, 554, 56 Ill. Dec. 355; 725 ILCS 5/112-4 (2004).

Even though all signs indicate that the grand jury returned an indictment, we do not find that probable cause existed. Plaintiff alleges that the "fictionalized police report" was presented to the grand jury. That allegation would preclude us from using the indictment as evidence of probable cause. In Cervantes v. Jones, 188 F.3d 805, 811 n.7 (7th Cir. 1999) the court noted, "A grand jury indictment is usually prima facie evidence of probable cause. But in construing the facts in the light most favorable to [plaintiff], his allegation that the indictment was the product of [defendant's] perjury precludes us from considering the indictment in our probable cause analysis. A contrary rule could allow an indictment procured by lies to protect a witness from liability for his perjury." After discounting the indictment, we cannot say that there is probable cause here. There may have been additional evidence before the grand jury that would have supported a finding of probable cause, but that factual inquiry will have to wait.

Plaintiff's allegations of a falsified police report may also defeat an immunity defense. Police officers would not be immune for falsified police reports since "no absolute testimonial immunity attaches to the actions of the officers outside of trial." Ienco v. City of Chicago, 286 F.3d 994 (7th Cir. 2002). Further, the decisions of the grand jury to indict, or the prosecutor to proceed to trial, will not immunize "a police officer who deliberately supplied misleading information that influenced the decision." Jones v. City of Chicago, 856 F.2d 985, 994 (7th Cir. 1988).

The lack of probable cause also means that plaintiff's § 1983 conspiracy charge should not be dismissed. Section 1983 does not provide a cause of action for conspiracy *per se*. Lesser v. Braniff Airways, Inc., 518 F.2d 538, 540 (7th Cir. 1975). For plaintiff to state a § 1983 conspiracy cause of action he must allege both an agreement and a deprivation of his constitutional rights. Vukadinovich v. Zentz, 995 F.2d 750, 756 (7th Cir. 1993). *See also* Lesser, 518 F.2d at 540 ("the gist of the [§ 1983] cause of action is the deprivation and not the conspiracy"). Plaintiff claims that the defendants "banded together to intentionally deprive" him of his Fourth Amendment rights. Plaintiff has thus stated both an agreement and a deprivation of constitutional rights.

## CONCLUSION

Plaintiff's petition to proceed *in forma pauperis*, is granted. His motion for appointment of counsel is continued, pending further developments in this case.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 12, 2004.